# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>El Cajon Police Station<br>100 Civic Center Way, El Cajon, CA 92020 | Case No. **24-mj-02831** |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A

located in the _____Southern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841, 846 | Distribution of Controlled Substances and Conspiracy |
| 18 USC §§ 922(a), (x) | Dealing in Firearms Without a License, Transfer of Handgun to Juvenile |

The application is based on these facts:
See attached Affidavit

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brandon Farmer, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date: July 24, 2024

*Judge's signature*

City and state: San Diego, California       Michael S. Berg, United States Magistrate Judge
*Printed name and title*

## **ATTACHMENT A**

PREMISES TO BE SEARCHED

The El Cajon Police Station, located at 100 Civic Center Way, El Cajon, CA 92020. Said search is to be conducted in coordination with officers from the El Cajon Police Department.

# ATTACHMENT B

## ITEMS TO BE SEIZED

a. Approximately $25,681 in cash seized from 2458 Bonita Street in Lemon Grove on March 14, 2023;

b. Approximately $12,356 in cash seized from 2454 Bonita Street in Lemon Grove on March 14, 2023;

c. Three Ring Cameras seized from 2454 Bonita Street in Lemon Grove on March 14, 2023; and

d. One GoPro camera seized from 2454 Bonita Street in Lemon Grove on March 14, 2023.

# AFFIDAVIT IN SUPPORT OF
# APPLICATION FOR SEARCH WARRANT

I, Brandon Farmer, Special Agent with the Bureau of Alcohol, Tobacco, and Firearms (ATF), being duly sworn, depose and declare the following:

# I
# INTRODUCTION

1. I make this Affidavit in support of an Application for Search Warrant for the El Cajon Police Department, specifically to obtain:

   a. Approximately $25,681 in cash seized from 2458 Bonita Street in Lemon Grove on March 14, 2023;

   b. Approximately $12,356 in cash seized from 2454 Bonita Street in Lemon Grove on March 14, 2023;

   c. Three Ring Cameras; and

   d. One GoPro camera

(collectively the **Target Items).**

2. The **Target Items** were seized by the El Cajon Police Department (ECPD) on March 14, 2023. The items are currently in the possession of ECPD in the Southern District of California. The **Target Items** are believed to belong to Adrian PEREZ, as they were seized from inside his residence or his family's adjoining residence and PEREZ claimed ownership of approximately $20,000 of the money.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe the **Target Items** are or contain evidence related to violations of federal law, including violations of Title 18, United States Code, Sections 922(a) (dealing in firearms without a license) and 922(x) (sale, delivery, or transfer of handgun to a juvenile) and Title 21, United States Code, Sections 841 and 846 (distribution of controlled substances and conspiracy).

4. All the conclusions and beliefs set forth in this affidavit are based on my

training and experience, conversations with other agents who have extensive experience in fraud investigations, and my knowledge of the facts of this investigation. All of the dates, times, and amounts listed in this affidavit are approximate. This affidavit sets forth only the facts necessary to support the issuance of the requested search warrant; it does not include each and every fact known to me concerning this investigation.

## II.
### TRAINING AND EXPERIENCE

5.   I have been employed as a Special Agent with Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") since January of 2019. Before joining ATF, I was employed as a criminal investigator with the Naval Criminal Investigative Service ("NCIS") for approximately one year and five months. Before joining NCIS, I was employed as a Border Patrol Agent with the United States Border Patrol for approximately six years. Before joining the Border Patrol, I was a Police Officer with the Cape Girardeau, Missouri Police Department for approximately eight years. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator's Training Program, and the ATF National Academy's Special Agent Basic Training course.

6.   As an ATF Special Agent, I have received training in federal firearms laws and federal criminal laws and have been the affiant on search and arrest warrants for such violations, to include investigations of persons prohibited from possessing firearms, firearms traffickers, and drug dealers. In this realm, I have authored affidavits for search warrants and complaints which have yielded evidence of federal criminal violations.

7.   I am currently assigned to ATF's San Diego County Group IV. During my tenure with ATF, I have participated in the investigation of various violent criminal street gangs focusing on illegal firearms possessors, illegal firearms dealers, and illegal drugs distributors. In this capacity, I investigate and assist in illegal firearm and drugs cases involving, but not limited to, the purchase, possession, sales, manufacture, and distribution of firearms, illegal drugs, and street gang violence.

## III.
## FACTS SUPPORTING PROBABLE CAUSE

8. Beginning in approximately November 2022, the ECPD Gang Street Team (GST) initiated an investigation focusing into the shootings committed by a group of juveniles in El Cajon. The investigation uncovered that the juvenile's source of supply for firearms was Adrian PEREZ. ECPD GST Detectives and the Bureau of Alcohol Tobacco and Firearms (ATF) initiated a joint investigation regarding PEREZ selling firearms to juveniles in El Cajon. In a separate ATF investigation, undercover agents purchased four firearms directly from PEREZ from December 2022 to February 2023 in San Diego, CA. Further joint investigation uncovered a conspiracy by PEREZ and Alexander MCCOLE to purchase guns through a straw buyer in Texas and import them to California illegally, among other violations. MCCOLE, PEREZ, and Danirah CABEZUELA have been indicted in case 24-CR-00617-AJB for their roles in this criminal endeavor.

9. On February 15, 2023, a search warrant was obtained for Adrian PEREZ' Instagram profiles "apthacoldest" and "selfmademeds" reference PEREZ being investigated for selling illegal firearms to minors. While reviewing the Instagram data return from PEREZ' Instagram profiles "apthacoldest" and "selfmademeds", investigators located an Instagram messages consistent with the illegal sale of firearms and narcotics. During the investigation, investigators learned the address listed on his California Driver's License, and his registered vehicles, was 2458 Bonita Street in Lemon Grove.

10. On March 14, 2023, PEREZ was shot by an unknown subject. Once he was released from the hospital, he was placed under arrest for multiple charges, including selling a firearm to a minor. Officers made contact with PEREZ' mother, Christine RODRIGUEZ, and PEREZ' grandmother, Diane MAGOLD, at 2458 Bonita Street. RODIRGUEZ stated PEREZ resides at 2454 Bonita Street, which is on the same property but directly behind 2458 Bonita Street. A search warrant was issued for 2458 Bonita Street and 2454 Bonita Street.

11. ECPD investigators conducted a search of 2458 Bonita Street. During the search, Detective White searched a closet of a bedroom of the residence. Detective White located a brown purse containing a blue zipper pouch with $21,120 dollars inside, which MAGOLD stated was her life savings. Detective Saquilon searched a bedroom closet and located a Louis Vuitton shoebox containing $2,637. Detective Saquilon searched the garage and located two handgun holsters. Detective White searched a bedroom attached to the garage and located a white envelope inside a pocket of a pair of pants. The white envelope contained $1,924. Detective White also located marijuana, marijuana paraphernalia, and a laptop.

12. ECPD investigators conducted a search of 2454 Bonita Street. During the search, Sergeant Mandelleh searched a bedroom of the residence. Sergeant Mandelleh located boxes of concentrated cannabis electronic cigarettes, marijuana, packaging material, drug paraphernalia, the GoPro camera, mail addressed to Adrian Perez, and a personal computer tower. Detective Rodriguez searched a bedroom and located a blue PFC9 Polymer80 handgun with a loaded 33 round pistol magazine, ammunition, and a pink zippered bag containing $2,876. Detective Saquilon searched a bedroom and located a Springfield Armory gun bag, rifle ammunition, a plastic bowl containing a white powder substance later found to be cocaine, a gold plated Micro Draco AK47 assault weapon with a loaded high capacity magazine, and loose currency. Officer Cook searched the bedroom closet and located a pink leather bag containing $9,480. The three Ring cameras were found on the outside of PEREZ's dwelling.

13. The evidence was collected and impounded at the El Cajon Police Department. It was determined there was 18.94 grams of presumptive positive cocaine, approximately 180 grams of marijuana, approximately $38,184 in U.S. currency, four cameras, 49 individually packed psilocybin edible gummies, approximately 1831 THC concentrate vapes, and approximately 5 pounds of concentrated cannabis seized during the search warrant of PEREZ' residence.

14. During a post-Miranda interview of PEREZ, he admitted to using the above mentioned Instagram profiles to sell marijuana, vape pens, firearms, cocaine, and Xanax. PEREZ admitted to possessing the cocaine and firearms that were located inside his residence. PEREZ stated there was about $20,000 inside his residence; when asked if it was from selling cocaine, he said that it was from selling everything, not just cocaine. PEREZ also admitted to selling a handgun to a juvenile in El Cajon.

15. In my experience, drug and firearms traffickers frequently possess large sums of currency as both the proceeds of their illegal activities and to purchase additional drugs and firearms from their suppliers. This is because the sale of illegal drugs and illegal firearms is primarily conducted in cash to avoid detection by law enforcement. Traffickers also frequently store their cash in multiple places in their homes or places they control and have access to, including the homes of family members or close associates, to reduce the risk of it all being seized by law enforcement or stolen by clients, suppliers, or competitors. The approximately $38,184 found on the property is consistent with this pattern and practice and thus constitutes strong evidence of PEREZ's trafficking activities.

16. PEREZ also admitted that there was $20,000 in the residence that was proceeds of his unlawful activities. In the search, $21,120 was found in the 2458 Bonita Street home. I believe this to be the $20,000 PEREZ specifically admitted was drug proceeds, as none of the other cash stashes approached $20,000. This is evidence that PEREZ hid his illegal proceeds in both residences on the property.

17. Because the GoPro camera was found in the same room as drug packaging materials, drug paraphernalia, and large amounts of concentrated cannabis, it may have footage of PEREZ or others packaging drugs for distribution or distributing drugs. The three Ring cameras were affixed to the outside of PEREZ's dwelling and so may show his customers, suppliers, and/or co-conspirators arriving from and departing from his home, as well as PEREZ himself transporting narcotics. However, it is not known at this time whether the cameras have internal storage or whether any data they captured would be stored solely on the cloud. As such, this warrant seeks only to recover the cameras

5

1  themselves, and a follow-up warrant to search the cameras will be submitted if it is
2  determined through physical inspection and contacting the manufacturer that they may
3  have data stored on them.

4      18.   PEREZ was booked into San Diego Central Jail for numerous felony state
5  charges. PEREZ was ultimately convicted of the felony state charges of 24610 PC –
6  Manufacture, Sale or Possession of an Undetectable Firearm, 11351 HS – Possession of
7  Narcotics For Sale, and 11370.1 (A) HS – Possession of a Controlled Substance While
8  Armed With a Firearm. As that case is now over, the state no longer needs any of the
9  **Target Items** for its prosecution. PEREZ has moved, and the San Diego Superior Court
10 has ordered, that the **Target Items** be returned to him as his state case is over. However, I
11 seek to take custody of the **Target Items** as they are evidence of the crimes PEREZ is
12 charged with in case 24-CR-00617-AJB. Both ECPD and the state prosecutor are aware of
13 this warrant request and neither opposes turning the property over to ATF upon grant of
14 the warrant. The state prosecutor is informing PEREZ's state counsel that the items will be
15 turned over to ATF.

16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

6

## IV.
## CONCLUSION

19. Based on my training and experience and the facts set forth above, I believe that the **Target Items**, as set forth in Attachment B, are evidence, fruits, and instrumentalities of violations of federal law, specifically dealing in firearms without a license in violation of Title 18, United States Code, Section 922(a), selling firearms to a minor, in violation of Title 18, United States Code, Section 922(x), and distribution of controlled substances and conspiracy to do the same, in violation on Title 21, United States Code, Sections 841 and 846. I further believe that the **Target Items** are being stored by the El Cajon Police Department, as described in Attachment A.

BRANDON FARMER
Special Agent, ATF

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 on this __24th__ day of July 2024.

HONORABLE MICHAEL S. BERG
United States Magistrate Judge
Southern District of California

7